```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

KYLE A. CAVALIERE,

       Plaintiff,

v.                              Case No:  2:21-cv-323-JES-NPM

COMCAST CABLE
COMMUNICATIONS, LLC, its
parents, affiliates,
agents, and subsidiaries,

       Defendant.

_____

## OPINION AND ORDER

This case comes before the Court on review of the First Amended Complaint (Doc. #7) filed on May 10, 2021. While motions to compel arbitration and to strike are pending, the Court *sua sponte* raises two initial issues that must be addressed: shotgun pleading and subject matter jurisdiction.

As discussed below, the Court finds that the First Amended Complaint is a shotgun pleading. The Court also inquiries about whether it may exercise subject matter jurisdiction over plaintiff's claims. Accordingly, plaintiff's First Amended Complaint will be dismissed without prejudice, with leave to amend, to address these issues and concerns.

**I.    Background**

This dispute arises from Plaintiff Kyle Cavaliere (plaintiff or Cavalire) agreement with defendant Comcast Cable Communications, LLC (Comcast) for the Xfinity X1 Triple Play internet, TV, and phone services package (the X1 Package). (Doc. #7, ¶ 1.) Cavaliere initiated the X1 Package on February 19, 2018 and continued these services with Comcast for 3 years. (Id.)

Cavaliere alleges that he did not consistently receive bills from Comcast for the X1 Package. (Id. ¶¶ 14-15.) Of the bills he did receive, Cavaliere generally asserts that he was often mischarged or the bills contained unidentified charges. (See generally, id.) Cavaliere contends that when he tried to discuss his concerns with Comcast, he received no response or inadequate responses. (E.g., id. ¶¶ 17-19, 24-25, 35-42.) Cavaliere believes that Comcast's billing practices are designed to defraud consumers. (E.g., id. ¶¶ 22-23, 51.)

Based on Comcast's billing practices, Cavaliere's operative First Amended Complaint asserts five counts: (1) violation of 18 U.S.C. § 1962; (2) and (3) violations of 15 U.S.C. § 45; (4) violation of Fla. Stat. § 817.061; and (5) violation of 47 C.F.R. § 64.2401. (Doc. #7.) In response to the First Amended Complaint, Comcast moved to compel arbitration and stay the proceedings, which motion is currently pending. (Doc. #18.) The Court allowed for initial discovery limited to the issue of whether Cavaliere

received notice of the arbitration agreement. (Doc. #29.) Additional papers were filed by both parties in response to the motion to compel arbitration. (Docs. ## 19, 26, 31, 34, 35, 36.)

**II.  General Pleading Standards**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

A pleading drafted by a party proceeding *pro se*, like the First Amended Complaint at issue here, is held to a less stringent standard than one drafted by an attorney, and the Court will construe the allegations contained therein liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). "This liberal construction, however, does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Hickman v.

Hickman, 563 Fed. App'x 742, 743 (11th Cir. 2014) (internal quotation marks and citations omitted). *Pro se* parties are still required to conform to the procedural rules. Id.

### III. Shotgun Pleading

The Court has a *sua sponte* obligation to identify and dismiss a shotgun pleading. Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases); Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."). "The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland, 792 F.3d 1321.

Cavaliere's First Amended Complaint is a shotgun pleading. In Count II, Cavaliere impermissibly realleges and incorporates by reference paragraphs 1 through 58. (Doc. #7, ¶ 59.) In Count III, Cavaliere impermissibly realleges and incorporates by reference paragraphs 1 through 67. (Id. ¶ 68.) In Count IV, Cavaliere impermissibly realleges and incorporates by reference paragraphs 1 through 73. (Id. ¶ 74.) In Count V, Cavaliere impermissibly realleges and incorporates by reference paragraphs

4

1 through 76.  (Id. ¶ 77.)  By realleging and reincorporating all prior paragraphs into each claim, Cavaliere includes irrelevant allegations into all proceedings counts.  The First Amended Complaint will be dismissed without prejudice to filing a Second Amended Complaint.  When amending the complaint, provided he can demonstrate subject matter jurisdiction as detailed below, Cavaliere should only reallege those paragraphs relevant to each cause of action.

**IV.  Subject Matter Jurisdiction**

A plaintiff must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction. Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir.1999).  If the Court determines "at any time" that it lacks subject-matter

jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

In the First Amended Complaint, Cavaliere invokes both federal question and diversity jurisdiction. Based on the allegations of the First Amended Complaint, it appears subject matter jurisdiction is lacking.

### A.   Federal Question

Federal question jurisdiction exists if the cause of action arises from the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A district court, however, lacks subject matter jurisdiction over "a claim that apparently arises under the Constitution or federal statutes" "if (1) the claim is immaterial and made solely for the purpose of obtaining jurisdiction; or (2) the claim is wholly insubstantial and frivolous." Gilberti v. Adrurra Grp., Inc., 810 F. App'x 806, 808 (11th Cir. 2020), cert. denied, 142 S. Ct. 108, 211 L. Ed. 2d 31 (2021) (citing McGinnis v. Ingram Equip. Co., 918 F.2d 1491, 1494 (11th Cir. 1990; then citing Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998))).

In Count I, Cavaliere asserts a violation of 18 U.S.C. § 1962, otherwise known as the Racketeer Influenced and Corrupt Organizations Act (RICO). "The [RICO] statute makes it 'unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or

6

foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.'" Cisneros v. Petland, Inc., 972 F.3d 1204, 1210 (11th Cir. 2020) (quoting 18 U.S.C. § 1962(c)). To state a RICO claim upon which relief can be granted, a plaintiff must plausibly allege that the defendant: "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." Id. at 1211. To show a pattern of racketeering activity, plaintiff must establish at least two distinct but related acts of racketeering activity. Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1283 (11th Cir. 2006). The RICO Act defines "racketeering activity" comprehensively in 18 U.S.C. § 1961(1) to include a variety of enumerated criminal offenses. Farrell v. Fannie Mae, No. 2:15-cv-20-FtM-29CM, 2015 WL 5687765, *4 (M.D. Fla. Sep. 25, 2015).

RICO claims also must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). Id. at *3. "To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." Ambrosia Coal &

7

Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (citing Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

As currently pled, Cavaliere does not plead with sufficient particularity all the elements of a RICO claim. For example, Cavaliere does not state two distinct acts of racketeering activity described in 18 U.S.C. § 1961. Having reviewed that comprehensive list, the Court is uncertain that there are at least two racketeering activities related to defendant's alleged billing misconduct. And, unless Cavaliere particularly pleads a RICO claim when amending that is not "wholly insubstantial or frivolous," RICO cannot serve as the basis for subject matter jurisdiction.

In Counts II and III, Cavaliere asserts violations of the Federal Trade Commission Act, 15 U.S.C. § 45. However, "[t]here is no private cause of action implied under the Federal Trade Commission Act." Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 F. App'x 891, 894 (11th Cir. 2006). "Only the Federal Trade Commission can bring a civil action under 15 U.S.C. § 45(a)." Truthinadvertisingenforcers.com v. My Pillow, Inc., No. 8:17-cv-169-T-33AAS, 2017 WL 382725, at *2 (M.D. Fla. Jan. 27, 2017); see also Rosenberg v. Blue Cross & Blue Shield of Fla., Inc., No. 8:18-CV-2648-T-33SPF, 2019 WL 399571, at *4-5 (M.D. Fla. Jan. 31, 2019) (dismissing 15 U.S.C. § 45 claim brought by private individual).

8

Counts II and III, no matter how pleaded, cannot serve as the basis for the Court's subject matter jurisdiction.

In Count IV, Cavaliere asserts a violation of Fla. Stat. § 817.061. This is a state statute and cannot invoke federal question jurisdiction.

In Count V, Cavaliere asserts a violation of 47 C.F.R. § 64.2401, also known as the Truth-in-Billing rules. The statutory authority for the Truth-in-Billing rules is the Federal Communications Act, 47 U.S.C. § 201. There are few cases discussing Truth-in-Billing claims, however, the Supreme Court has generally stated that "to violate a regulation that lawfully implements § 201(b)'s requirements is to violate the statute." Glob. Crossing Telecommunications, Inc. v. Metrophones Telecommunications, Inc., 550 U.S. 45, 54 (2007).

Section 64.2401 sets forth how a telephone bill must be organized and what content must be contained within a telephone bill. In particular, "[c]harges contained on telephone bills must be accompanied by a brief, clear, non-misleading, plain language description of the service or services rendered." 47 C.F.R. § 64.2401(b). "The Truth-in-Billing rules focus on the format and clarity of a consumer bill, and do not reach the actual bill charge." In the Matter of Gregory Manasher et al. Petition for Declaratory Ruling, 33 F.C.C. Rcd. 2737, 2743 (2018).

Count V, as currently pled, is insubstantial and frivolous. Cavaliere alleges that Comcast charged him an incorrect amount of an "equipment fee" on an X1 Package bill. (Doc. #7 ¶ 52.) Cavaliere then conclusory alleges that this is a "direct violation of 47 C.F.R. § 64.2401." (Id. ¶ 53.) Cavaliere does not allege what charges in his Comcast telephone bill were unclear and violative of the Truth-in-Billing rules. And, unless Cavaliere adequately pleads this claim when amending in a manner that is not wholly insubstantial and frivolous, the Truth-in-Billing rules cannot serve as the basis for subject matter jurisdiction.

### B. Diversity

The Court also has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States...." 28 U.S.C. § 1332(a)(1). This requires complete diversity of citizenship. 28 U.S.C. § 1332(a).

**Citizenship of the Parties.** Based on the allegations in the First Amended Complaint, the Court is unable to determine whether there is complete diversity of citizenship between the parties. Cavaliere is a citizen of Florida. (Doc. #7, ¶ 2.) Cavaliere alleges that Comcast has a principal place of business in Philadelphia, Pennsylvania. (Doc. #7, ¶ 3.) However, the citizenship of a limited liability company (LLC) is not determined by the principal place of business. A limited liability company

10

is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Cavaliere does not plead the members of Comcast or each members' citizenship.[1] The Court, therefore, cannot determine if diversity jurisdiction is present.

**Amount in Controversy.** "Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (quotation omitted). "However, where jurisdiction is based on a claim for indeterminate damages, the ... 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). "A conclusory allegation ... that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden." Bradley v. Kelly Servs., Inc., 224 F. App'x

---

[1] Stated another way, if Cavaliere and one member of Comcast are both citizens of Florida, this would defeat the diversity of citizenship requirement.

893, 895 (11th Cir. 2007) (citation omitted) (alteration in original).

In the First Amended Complaint, Cavaliere does not assert any amount of recoverable compensatory damages (Doc. #7, ¶ 81) and requests punitive/exemplary, statutory, and treble damages in the amount of $500,000 (id. ¶ 82).[2] Based on these conclusory allegations and the pleading deficiencies described, the Court doubts whether Cavaliere can meet the $75,000 threshold. Additionally, at its core, Cavaliere's First Amended Complaint appears to seek damages for charges that he disagreed with on his Comcast bills during the three years he purchased the X1 Package. Even if Cavaliere's damages included every penny he's ever paid to Comcast over the past three years plus treble damages, he would likely fall well-short of the $75,000 threshold.

V.   **Conclusion**

Plaintiff's First Amended Complaint is dismissed without prejudice because it is a shotgun pleading. Additionally, based on the current allegations, the Court doubts whether it has subject matter jurisdiction because both federal question and diversity

---

[2] Cavaliere also seeks injunctive relief on behalf of all customers. While an individual may proceed *pro se*, that right "does not extend to the representation of the interests of others." Bass v. Benton, 408 F. App'x 298 (11th Cir. 2011) (citations omitted). Plaintiff cannot seek relief on behalf of other customers and any value of that injunctive relief cannot be included in his amount in controversy.

12

jurisdiction appear to be lacking. The Court declines to decide Defendant's motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (FAA), until the Court finds that it has subject matter jurisdiction. <u>Cmty. State Bank v. Strong</u>, 651 F.3d 1241, 1252 (11th Cir. 2011) ("It is a long-accepted principle that the FAA is non-jurisdictional. . . .[T]he parties must identify an independent basis for federal jurisdiction over a petition to compel arbitration brought pursuant to the FAA.").

Accordingly, it is so

**ORDERED**:

1. Defendant's Motion to Compel Arbitration and Stay Action (Doc. #18) is **denied without prejudice.**

2. Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Supplement to Plaintiff's Response in Opposition to Motion to Compel Arbitration (Doc. #35) is **denied as moot.**

3. Plaintiff's Amended Complaint (Doc. #7) is **dismissed without prejudice** as a shotgun pleading. Plaintiff is granted leave to file a Second Amended Complaint **within forty-five (45) days** of this Order. If Plaintiff does not file an amended complaint within the timeframe provided, the case will be closed. Any amendment by

13

Plaintiff must cure Plaintiff's shotgun pleading issues and demonstrate a basis for subject matter jurisdiction.

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of March, 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record